■     GREEN ISLAND CONTRACTING CORP., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58109.)—Appeal from a judgment in favor of claimant, entered June 6, 1977, upon a decision of the Court of Claims. The factual background surrounding this contractual dispute is adequately detailed in the decision of this court on a prior appeal (53 AD2d 712). Briefly stated, we accepted the State's arguments directed at the measure of damages awarded for claimant's third cause of action involving increased costs arising from delay and interference and, since the evidence contained in the record was insufficient for us to make an appropriate determination of that matter, we modified the judgment by directing a new trial limited to the issue of damages on that cause of action. The State now appeals from the judgment entered following the retrial and once again we conclude that a modification is required. Although we specifically stated that "claimant is not entitled to recover its costs and expenses in full for contract work for which it was paid" (53 AD2d 712, 714), the present decision of the Court of Claims nevertheless recites that "all proper costs incurred by claimant during the period October 26 through November 8 should be reimbursed." It then rejected lower damage figures submitted by the parties on the ground that claimant's costs were more extensive than those reflected by the respective exhibits for that period and proceeded to make an award based on a document prepared by the State in audit of claimant's original demands as contained in its bill of particulars. That report merely itemized those amounts which could not be substantiated by claimant's own records and expressly disavowed any responsibility concerning the remaining balance as it could not be verified by means of auditing procedures. Therefore, the instant decision is flawed by use of a legally erroneous theory of

damages and is otherwise factually unsupportable. Our former decision presented claimant with an opportunity to establish its allegedly increased costs by reason of the State's delay and interference. Since a review of the record convinces us that its proof failed to adequately identify any such items of damage beyond the contract price, a dismissal of the claim as to its third cause of action would be warranted. However, the State apparently acknowledges that some compensable damages were sustained by claimant in this regard, suggesting that its calculation of that amount be accepted, and the judgment should be modified accordingly. Judgment modified, on the law and the facts, by reducing the award to claimant on its third cause of action to $8,848.10 together with appropriate interest, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Larkin and Mikoll, JJ., concur.